IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE No. 1:11cv230
[Criminal Case No. 1:95cr20]

| | |
|---|---|
| DOUGLAS WALTER CHILDS, ) </br> ) </br> Petitioner, ) </br> ) </br> vs. ) </br> ) </br> UNITED STATES OF AMERICA, ) </br> ) </br> Respondent. ) </br> _____ ) | **ORDER and NOTICE** |

**THIS MATTER** comes before the Court on the Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By A Person in Federal Custody. [Doc. 1].

Rule 4(b) of the Rules Governing Section 2255 Proceedings directs that the district court assigned to a § 2255 motion should examine it promptly. When it plainly appears from any such motion and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Rules Governing Section 2255 Proceedings, Rule 4(b). For the reasons stated herein, it appears that the Petitioner's motion is successive and/or time-barred. Nevertheless, Petitioner shall be given twenty (20) days

in which to file a document explaining why he believes his Motion should not be dismissed on one of those grounds.

## I. Factual and Procedural Background

On July 6, 1995, Petitioner appeared before a United States Magistrate Judge and pursuant to a written plea agreement pled guilty to a charge of kidnaping in violation of 18 U.S.C. § 1201. [Criminal Case No. 1:95cr20, Docs. 16 and 17]. On April 22, 1996, the Court sentenced Petitioner to a term of 290 months imprisonment. [Id., Doc. 19]. Petitioner timely appealed his case; however, on July 10, 1996, the United States Court of Appeals for the Fourth Circuit dismissed Petitioner's appeal. [Id., Docs. 18 and 20]. On September 24, 1998, Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. [Civil Case No. 1:98cv207, Doc. 1]. On October 26, 1998, the Court filed a Memorandum and Order of Dismissal dismissing that Motion as time-barred. [Id., Doc. 3].

After a lapse of more than 12 years, on September 12, 2011, Petitioner filed the present Motion to Vacate, arguing that the state convictions that were used to calculate his criminal history were subsequently "modified" and therefore could no longer serve as a basis for his federal sentence. [Doc. 1 at 4].

## II. Discussion

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioners are barred from asserting a second or successive motion to vacate except under very limited circumstances. A second or successive motion must be certified by a panel of the Fourth Circuit Court of Appeals to contain either newly discovered evidence sufficient to establish by clear and

3

convincing evidence that no reasonable factfinder would have found the Petitioner guilty of the offense or a previously unavailable rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h).

The record before the Court raises a substantial question as to whether Petitioner's present Motion is an unauthorized successive petition. Petitioner argues that it is not successive because the modifications to his state convictions occurred after he filed his first Motion to Vacate; therefore, he contends, pursuant to a recent decision by the Eleventh Circuit Court of Appeals in <u>Stewart v. United States</u>, 646 F.3d 856 (11th Cir. 2011), the present Petition is not subject to dismissal. In <u>Stewart</u>, the Eleventh Circuit applied <u>Johnson v. United States</u>, 544 U.S. 295, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005), which held that the state court vacatur of a predicate conviction triggers a fresh one-year statute of limitations under 28 U.S.C. § 2255(f)(4), to hold that when a second motion to vacate is filed on the basis of information that did not exist at the time the first motion to vacate was filed and denied, the second motion is not forbidden, provided the petitioner has acted with due diligence. <u>Stewart</u>, 646 F.3d at 863–65.

4

The documents that Petitioner has submitted in support of his Motion reflect that on December 2, 1999, the Superior Court of McDowell County entered an Order striking Petitioner's guilty plea in a State criminal case and setting the matter for further proceedings. Petitioner, however, does not provide any information regarding the outcome of those further proceedings. Thus, it is unclear whether Petitioner's case falls within the parameters of Johnson and Stewart.

Moreover, there is a substantial question on this record as to whether Petitioner acted diligently in bringing the present Motion. Petitioner does not explain why it has taken him more than a decade to file this Motion based upon that 1999 order. Thus, notwithstanding the fact that Petitioner's State convictions may have been vacated after his first § 2255 motion was dismissed, the instant Motion still may be subject to dismissal due to Petitioner's failure to act with due diligence.

The Court of Appeals has directed district courts to warn pro se petitioners prior to dismissing their habeas claims as untimely where the government has not filed a motion to dismiss based on the limitations period. Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); United States v. Blackstock,

513 F.3d 128, 133 (4th Cir. 2008) (remanding to district court pursuant to Hill for determination of timeliness of §2255 Motion).

Based upon the foregoing, the Court will give Petitioner an opportunity to file a document explaining why he believes his Motion is neither successive nor time-barred.

**IT IS, THEREFORE, ORDERED** that on or before thirty (30) days after the entry of this Order, Petitioner must file a document in this Court explaining why his §2255 Motion should not be summarily dismissed for the reasons stated herein as successive and/or untimely filed. **Petitioner is advised that his failure to comply with this Order could result in the summary dismissal of his Motion without any further notice to him.**

**IT IS SO ORDERED.**

Signed: January 9, 2012

Martin Reidinger
United States District Judge